IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRANCE LEE PRATHER                                            PLAINTIFF

vs.                              Civil No. 6:17-cv-06086

NANCY A. BERRYHILL                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Terrance Lee Prather ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed his disability application on December 18, 2014. (Tr. 10). In this application, Plaintiff alleges he was disabled due to removal of his intestines and surgery to correct his intestines. (Tr. 198). Plaintiff alleges an onset date of December 10, 2014. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 82-94).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. \_\_\_\_" The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 33-81). An administrative hearing was held on May 2, 2016 in Hot Springs, Arkansas. *Id.* At the administrative hearing, Plaintiff was present and was represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and testified he completed eighth or ninth grade. (Tr. 39)

On July 27, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability application. (Tr. 7-17). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2017. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 10, 2014, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post Hartmann's procedure and colostomy takedown; and chronic obstructive pulmonary disease ("COPD"). (Tr. 12-13, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and is further limited to occasional stooping and bending; and no concentrated exposure to fumes, dust, odors, or extreme heat or cold due to COPD.

2

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 16, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, light work: (1) cafeteria attendant with 1,100 such jobs in Arkansas and 140,000 such jobs in the United States; and (2) assembler with 2,700 such jobs in Arkansas and 200,000 such jobs in the United States. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 10, 2014 through August 1, 2016, the ALJ's decision date. *Id.*

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr.1-3). On August 7, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On August 25, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 25, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

4

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14 at 1-12. Specifically, Plaintiff claims the ALJ erred "in failing to award a close period of disability from December 10, 2014, Plaintiff's onset date, through May 2016, when Plaintiff was released after having his colostomy reversed." *Id.* Plaintiff claims he had an intestinal disorder that required surgery. *Id.* Plaintiff claims that after surgery, he was not able to work until at least May of 2016. *Id.*

Notably, Plaintiff's main support for his claim that he is entitled to a closed period of disability is a report from his treating physician, Dr. John W. Webb, M.D. ECF No. 14 at 4. On December 31, 2014, Dr. Webb reported Plaintiff "is probably going to be disabled until he has recovered from all this, which is probably in total be about a year." (Tr. 372).

In his decision, the ALJ considered this opinion and discounted it for the following reasons:

> The claimant's treating physician and surgeon opined in a progress note dated December 31, 2014 that the claimant "is probably going to be disabled until he has recovered from all this, which is probably in total [sic] be about a year" (Exhibit 4F/8). Although from a treating physician and specialist, this opinion is a prospective forecast, and proved inconsistent with the claimant's actual progress as shown in the medical evidence of record. The opinion is also solely on a subject–disability–which is reserved to the Commissioner, and is thus given limited weight in the decision.

5

(Tr. 15-16).

Indeed, Dr. Webb himself even noted on August 6, 2015 that Plaintiff's "colostomy was closed on 07/20/2015. His wound in the midline is well healed without evidence of any fascial dehiscence. . . . He is slowly regaining his strength, energy, and appetite." (Tr. 612). Based upon these records, the Court cannot find Plaintiff his burden of demonstrating he is entitled to a reversal on this issue for a closed period of disability.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE